Marc Helfer v. Commissioner.
Helfer v. Commissioner
Docket No. 89987.
United States Tax Court
T.C. Memo 1962-293; 1962 Tax Ct. Memo LEXIS 15; 21 T.C.M. (CCH) 1562; T.C.M. (RIA) 62293; December 13, 1962
*15 Marc Helfer, pro se, 795 Linden Blvd., Brooklyn, N. Y. Joseph Wilkes, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in petitioner's 1958 income tax in the amount of $1,047.83. He disallowed all itemized deductions, in the aggregate amount of $4,319.33, and allowed instead the standard deduction in the amount of $1,000. The issue is one of substantiation. During 1958 petitioner was a traveling salesman, selling a line of ladies' outer wear. His earnings, all from this source, were $10,910. His base of operations was New York City. He was away from home an aggregate of about four months during the year. He covered four principal cities, namely, Philadelphia, Baltimore, Washington, and Detroit. He stayed overnight on each trip for one or more nights in these cities, except Philadelphia. When he went to Philadelphia he usually returned home the same day. He did a minor amount of entertaining of buyers in these cities On his return he claimed "travel & entertaining expenses" in the amount of $3,025. He does not presently have any records, which, he testified, were removed from his apartment *16 by his wife and mother-in-law. Based upon petitioner's sworn testimony we are satisfied and find as a fact that he incurred deductible traveling and entertainment expenses in the aggregate amount of $2,200 in 1958. Cf. (C.A. 2). A deduction in the amount of $25 for preparation of tax return was included among the deductions disallowed. We find as a fact that petitioner paid such amount in 1958, and hold that it is deductible. Petitioner's return claimed a deduction for charitable contributions in the amount of $875. The recipients were identified in the return merely as "sundry religious & charitable organizations". Petitioner's testimony did identify several of the donees but in general was not very helpful as to this item. We find as a fact that he made deductible charitable contributions in 1958 in the aggregate amount of $175. Cf. A deduction in the amount of $50.18 for interest was claimed in petitioner's return. We find as a fact that he paid interest in 1958 in that amount. Finally, there is in dispute a deduction for taxes aggregating $344.15, consisting of two components: *17 (a) $149.15 for New York income taxes, which we find as a fact was paid by him in 1958; and (b) "Sales, gas, etc." taxes in the amount of $195. As to the latter component, we find as a fact that petitioner $100paid in sales and like taxes during 1958, which are deductible. Cf. Decision will be entered under Rule 50.